20-71

# Exhibit A

Filed 11/11/2020 1:27 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

NO. **20-11-86550-B**

| | | |
|---|---|---|
| LAURIE ANN PADRON, | § | IN THE  DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| SCOPPA GMBH USA INC., | § | |
| Defendant | § | VICTORIA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW LAURIE ANN PADRON, Plaintiff, complaining of SCOPPA

GMBH USA INC., (hereinafter "Scoppa") and files Plaintiff's Original Petition and for

cause of action would show the Court as follows:

### I.    DISCOVERY LEVEL

1. Discovery will be conducted under Level 2 pursuant to Rule 190.3 of the Texas

Rules of Civil Procedure.  Plaintiff affirmatively pleads that this suit is not governed by

the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff

seeks monetary relief aggregating more than $100,000, including damages, penalties,

costs, expenses, pre-judgment interest, and attorney's fees.

### II.    NATURE OF SUIT

2. Plaintiff brings this action against Defendant Scoppa for violation of  the Texas

Workers' Compensation Act ("TWCA"), Tex. Lab. Code § 451 et seq., for breach of

Defendant Scoppa's contract with Plaintiff, and in the alternative, pursuant to the

common-law doctrines of *quantum meruit* and unjust enrichment, and for violation of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

Plaintiff's Original Petition - Page **1** of **8**

### III.   PARTIES

3. Plaintiff LAURIE ANN PADRON is a resident of Victoria County, Texas.

4. Defendant SCOPPA is a for-profit corporation doing business in Victoria County, Texas and with its principal office in Forest Hill, Maryland. Defendant may be served with process by serving its registered agent, Katarzyna Brozynski, at 3409 Worth Hills, Fort Worth, Texas 76109.

### IV.   VENUE

5. Pursuant to § 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in this County.

### V.   JURISDICTION

6. The Court has jurisdiction over the lawsuit because all or a substantial part of the acts or omissions giving rise to the Plaintiff's cause of action occurred in Victoria County, Texas and the amount in controversy exceeds this court's minimum jurisdictional requirements.

### VI.   STATEMENT OF MATERIAL FACTS

7. On January 28, 2019, Plaintiff began working for Defendant Scoppa as a Safety Technician.

8. On April 15, 2019, Plaintiff sustained an injury to her knee while in the course and scope of her employment with Defendant in La Ward, Texas.

9. The Plaintiff immediately reported her injury to Defendant in order to institute a claim in good faith with the Defendant's workers' compensation insurance carrier.

10. On May 21, 2019, Defendant still had not filed a workers' compensation claim or made a report about Plaintiff's injury.

Plaintiff's Original Petition - Page **2** of **8**

11. On May 21, 2019, Plaintiff filed a workers' compensation claim on her own behalf by notifying the carrier and submitting a Form DWC-41.

12. On May 28, 2019, Plaintiff was suspended for three (3) days for violations including failing to report an injury that occurred at work.

13. On June 3, 2019, Defendant notified Plaintiff that her employment was terminated.

14. On June 6, 2019, Plaintiff received her final paycheck. The final paycheck failed to pay all the wages promised to Plaintiff.

15. Plaintiff was terminated because she took steps to assert her rights under the Texas Workers' Compensation Act.

16. At the time of her termination, Plaintiff was approximately 45 years of age with a work-life expectancy of approximately 20 years. She earned $25.00 an hour and $37.50 in overtime pay.

17. At the time of her termination, Plaintiff worked approximately 55 hours per week. Plaintiff was not paid overtime pay for her hours worked beyond 40 in a workweek.

18. At all times relevant to this case, Defendant had a workers' compensation policy in effect covered by the Texas Workers' Compensation Act.

19. As an employee of a subscriber employer, Plaintiff was protected at all times relevant to this case under the anti-retaliation provisions of the Texas Workers Compensation Act.

20. At all times relevant to this case, Defendant Scoppa was engaged in commerce, or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(a).

21. At all times relevant to this action, Plaintiff was employed by Defendant Scoppa within the mearing of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

22. All conditions precedent have been performed or have occurred.

## VII.   CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION: TEXAS WORKERS' COMPENSATION ACT

23. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 of this Petition as if fully set forth herein.

24. Plaintiff was wrongfully discharged and discriminated against by Defendant in violation of § 451.001 of the Texas Labor Code for taking steps to assert her rights under the Texas Workers' Compensation Act.

25. Thus, Plaintiff is entitled to recover "reasonable damages," which include economic, compensatory, and punitive damages.

26. Plaintiff is also entitled to reinstatement to her former position of employment or to front pay in lieu of reinstatement.

27. Defendant's retaliatory discharge has caused Plaintiff to suffer past actual damages, including: loss of employment, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary losses.

28. There is a reasonable probability that Plaintiff will suffer future damages, including economic damages, mental anguish, emotional pain and suffering, inconvenience, and loss of enjoyment of life.

29. Defendant acted willfully and with actual malice in discharging Plaintiff in a retaliatory manner, and Plaintiff therefore seeks punitive damages.

## B. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

30. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 of this Petition as if fully set forth herein.

31. Plaintiff entered into a contract with Defendant as described fully above, namely to do work as a Safety Technician at an hourly rate of $25 and overtime rate of $37.50.

32. Defendant breached the contract by failing to comply with the promised terms and conditions as described above, namely failing to pay the wages promised.

33. As a direct consequence of Defendant's breach of the contract, Plaintiff suffered substantial injury.

34. Plaintiff presented her claims to Defendant or their agent and the claims remain untendered more than 30 days after the presentation.

35. Plaintiff seeks damages for the harm she has suffered as a result of Defendant's breach of contract, for her reasonable attorney's fees, and costs of court pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, et seq.

36. In the alternative, if there was no contract covering Plaintiff's work, Plaintiff is entitled to damages pursuant to the common law doctrines of *quantum meruit* and unjust enrichment because Plaintiff provided valuable services to Defendant, Defendant accepted Plaintiff's services, and Defendant had reasonable notice that Plaintiff expected compensation for Plaintiff's services.

## C. THIRD CAUSE OF ACTION: FAIR LABOR STANDARDS ACT

37. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 of this Petition as if fully set forth herein.

38. Defendant failed to pay Plaintiff one-and-a-half times her regular hourly rate for the hours that Plaintiff worked in excess of forty hours in each discrete work week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

39. Plaintiff is entitled to her unpaid minimum and unpaid overtime wages, an equal amount in liquidated damages, a reasonable attorney's fee, and her costs of court pursuant to 29 U.S.C. § 216(b).

40. Defendant's failure to pay Plaintiff as specified above was willful.

## VIII.   JURY DEMAND

41. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests trial by jury.

## RULE 47 STATEMENT

42. Plaintiff seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that, at this time, she anticipates that the amount of damages she will request the jury to assess at trial will be monetary relief over $250,000 but not more than $1,000,000.

## IX.   REQUEST FOR RELIEF

43. Plaintiff requests that Defendant be cited to appear and answer this lawsuit and that this Court:

Plaintiff's Original Petition - Page 6 of 8

a. Declare that Defendant, by the acts and omissions described above, violated Plaintiff's rights under the TWCA;

b. Declare that Defendant, by the acts and omissions described above, breached its contract with the Plaintiff;

c. Declare that Defendant, by the acts and omissions described above, violated Plaintiff's rights under the FLSA;

d. Award Plaintiff her economic damages, including lost earnings and employee benefits in the past, for Defendant's violations of the TWCA, Tex. Lab. Code § 451;

e. Award Plaintiff with reinstatement or front pay in lieu of reinstatement for Defendant's violations of the TWCA, Tex. Lab. Code § 451;

f. Award Plaintiff punitive damages for Defendant's willful violations of the TWCA, Tex. Lab. Code § 451.001;

g. Award Plaintiff compensatory damages she has suffered as a result of Defendant's breach of contract or, in the alternative, award damages pursuant to the common law doctrines of *quantum meruit* and unjust enrichment;

h. Award Plaintiff her unpaid wages and unpaid overtime pay, plus an equal amount in liquidated damages, for Defendant's violations of the FLSA, 29 U.S.C. § 207;

i. Award Plaintiff pre-judgment and post-judgment interest as allowed;

j. Award Plaintiff her costs of court and costs of litigation;

k. Award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 216(b), and Tex. Civ. Prac. & Rem. Code § 38.001; and

l.   Grant such other and further relief, general and special, at law or in equity, to

which Plaintiff is entitled.

Respectfully Submitted,

TEXAS RIOGRANDE LEGAL AID, INC.


BY: *Hannah Cramer*
_____
Hannah Cramer
Texas Bar No. 24105174
1111 N. Main Ave.
San Antonio, TX 78212
Tel: (210) 390-0158
Fax: (210) 229-9328
HCramer@trla.org


Kathryn Youker
Texas Bar No. 24014928
1206 E Van Buren St
Brownsville, TX 78520
Tel: (956) 982-5542
Fax: (956) 541-1410
KYouker@trla.org

ATTORNEYS FOR PLAINTIFF